# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-06037-CV-SJ-FJG |
| | ) | |
| BRIAN H. JENKINS, | ) | |
| Defendant. | ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion for Default Judgment (Doc. No. 3). Plaintiff seeks a default judgment against defendant because defendant failed to answer or otherwise respond to plaintiff's Complaint, which was filed on March 8, 2007.[1] Defendant's answer was due on May 21, 2007. As a result, the Court entered an Order to Show Cause (Doc. No. 4) on August 16, 2007 ordering defendant to explain in writing why a default judgment should not be entered against him. Defendant responded to the Court's Show Cause Order on September 17, 2007 (Doc. No. 7) explaining that a default judgment should not be entered against him due to a variety of personal reasons such as the loss of

---

[1] Plaintiff's Complaint seeks to recover loan payments made to defendant because defendant allegedly breached the contract. On or about January 28, 1998, defendant entered into a contract with National Health Service Corps (NHSC), whereby plaintiff agreed to pay $35,000 in funds to defendant's lending institution if defendant completed a one-year service obligation from June 9, 2001 to June 8, 2002 (See Doc. No. 1). Defendant completed 128 days under the contract, but left 237 days remaining. Id. Because defendant did not fulfill the requirements of his NHSC Loan Repayment Contract, plaintiff seeks to recover the amounts paid to defendant. Id. Plaintiff states that defendant continues to be indebted to plaintiff in the principal sum of $22,726.03, plus accrued interest of $12,321.09 plus interest accrued thereafter on said principal at the rate of 11.25% per annum to date of judgment, plus penalty charges of $10,000.00 (See Doc. No. 3).

his father and his dental license.[2]

Although defendant responded to the Court's Show Cause Order, the Court did not consider defendant's response as a formal answer to plaintiff's complaint. Thus, the Court issued an Order requiring defendant to file his answer by October 12, 2007 (Doc. No. 8). Under Fed. R. Civ. P. 12(a), a defendant is required to serve an answer to plaintiff's complaint "within 60 days after the date when the request for waiver was sent" if service has been timely waived. Defendant in this case timely waived service on March 20, 2007, but failed to file his answer within 60 days or any point thereafter. Defendant is required under Fed. R. Civ. P. 8(b) to state "in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies" as well as assert any affirmative defenses.

Defendant, however, has failed to file his answer or otherwise respond to the Court's October 1, 2007 Order. Defendant has had since May 21, 2007 to respond to plaintiff's Complaint and has failed to defend his case. The Court has given defendant ample opportunities to file an answer to the Complaint, but defendant has not complied. The Court warned defendant in its October 1, 2007 that failure to file and serve an answer to plaintiff's Complaint by October 12, 2007 may result in a default judgment entered against him. Therefore, as a result of defendant's failure to file and serve an answer to plaintiff's Complaint at the specified date or any time thereafter, the Court hereby **GRANTS** plaintiff's

---

[2]Defendant also stated that because he had lost his dental license, it made fulfilling his contract with plaintiff impossible. Defendant offered in lieu of satisfying his debt to plaintiff that he be given the chance to fulfill the remainder of his contract. However, it is left up to plaintiff, not the Court, whether it will allow defendant to fulfill the remainder of his contract in lieu of payment. Neither party notified the Court that an agreement or settlement had been reached on defendant's proposal.

motion for default judgment (Doc. No. 3) against defendant. It is further ordered that the Clerk of the Court send a copy of this Order by regular and certified mail to: 1404-B Holly Hock Drive, Cameron, MO 64429.

**IT IS SO ORDERED.**


Date:  11/30/07              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                              Chief United States District Judge